Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 200131-59970
DATE: August 31, 2021

ORDER

The November 2019 and January 2020 Notices of Disagreement (NOD) appealing the issue of service connection for a bilateral foot condition were not timely and the appeal is dismissed.

FINDINGS OF FACT

1. In a March 2009 rating decision, service connection for a bilateral foot condition was denied.

2. The record contains no communications within the year following notification of the March 2009 rating decision that can be construed as a NOD or new and material evidence pertaining to the bilateral foot condition denial.

3. In November 2019, over ten years later, the Veteran submitted a legacy NOD appealing the March 2009 denial of service connection for a bilateral foot condition.

4. In January 2020, the Veteran submitted an NOD in the modernized review system, appealing the March 2009 denial of service connection for a bilateral foot condition.

CONCLUSION OF LAW

The criteria for a timely appeal to the March 2009 rating decision have not been met and, therefore, the March 2009 rating decision is final, and the appeal must be dismissed as a matter of law. 38 U.S.C. § 7105; 38 C.F.R. §§ 20.201, 20.202, 20.302.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the United States Army from September 1965 to April 1969. 

This matter comes before the Board of Veterans Appeals (Board) on an attempted appeal from a March 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran was notified of the decision in March 2009. He did not timely appeal. In January 2020, he submitted a VA Form 10182 NOD, appealing the denial of service connection for a bilateral foot condition to the Board and electing direct review in the modernized review system.

NOD Timeliness

Generally, after a decision has been issued by the RO, an appeal to the Board consists of a timely filed NOD in writing and, after a Statement of the Case (SOC) has been furnished, a timely filed Substantive Appeal. 38 C.F.R. §§ 20.200, 20.201.

An NOD is a written communication filed with the RO that, among other things, expresses dissatisfaction or disagreement with an adjudicative determination. 38 C.F.R. § 20.201. An NOD may be filed by the claimant, his fiduciary, or such accredited representative, attorney, or authorized agent as he/she may select. 38 U.S.C. § 7105(b)(2); 38 C.F.R. § 20.301(a).

The time limit for the filing of an NOD is governed by 38 C.F.R. § 20.302(a), which provides that a claimant, or his or her representative, must file an NOD with a determination by the RO within one year from the date that that agency mails notice of the determination to him or her. Otherwise, that determination will become final. The date of mailing the letter of notification of the determination will be presumed to be the same as the date of that letter for purposes of determining whether an appeal has been timely filed. See also 38 U.S.C. § 7105. 

Effective February 19, 2019, the Appeals Modernization Act (AMA) created the modernized review system, allowing appealing veterans to convert their legacy appeals to AMA appeals if they chose to do so. Under AMA, a claimant has one year from the date of the rating decision on appeal to submit an NOD to the Board. Further, an AMA NOD can only be used to appeal a rating decision issued on or after February 19, 2019. 38 C.F.R. § 20.202. 

The Veteran's claim for service connection for a bilateral foot condition was denied in a March 2009 rating decision. A notification letter informing him of the decision was also issued in March 2009. The Veteran did not submit an NOD or any communication disagreeing with the decision. Nor did he submit new and material evidence within a year of the decision. There are no indications in the claims file that the decision or notification letter were returned as undeliverable. As such, the March 2009 decision is final. 38 U.S.C. §§ 7104(b), 7105(c), 5108; 38 C.F.R. § 3.156. 

In November 2019, the Veteran submitted a legacy NOD, appealing the denial of service connection for a right foot condition. He was informed that the NOD was untimely in a January 2020 notification letter and the available routes to submit his appeal were explained.

In January 2020, the Veteran submitted an NOD in the modernized review system, appealing the bilateral foot condition claim and selecting direct review by the Board. 

The November 2019 and January 2020 NODs appealing the issue of service connection for a bilateral foot condition were not timely and the appeal is dismissed.

As outlined above, a claimant must file a legacy NOD within one year of the date of the denial. 38 C.F.R. § 20.302(a). Therefore, the November 2019 legacy NOD pertaining to the right foot condition was untimely and cannot be accepted as a valid appeal of the March 2009 rating decision because it was received over ten years after notification of the rating decision at issue. 

Similarly, because the January 2020 AMA NOD was received more than a year after the March 2009 rating decision on appeal (also well over a decade) and because the March 2009 decision predated February 19, 2019, the January 2020 NOD is also untimely and cannot be properly used to enter into the modernized review system. Accordingly, the appeal must be denied.

The Board notes that the Veteran has submitted other claims regarding the bilateral foot condition appeal. In May 2019, he submitted a claim for service connection for a right foot condition. A May 2019 notification letter informed him that he needed to submit the claim on the proper form and was provided with that form and directions as to how to submit the claim. No further communications were received from the Veteran regarding the claim.

In September 2019, the Veteran submitted a Higher-Level Review (HLR) claim, attempting to appeal his service connection claim for a bilateral foot condition in the modernized review system. A complete request for higher-level review must be received by VA within one year of the date of VA's issuance of a notice of a decision. Further, an HLR claim can only be used to appeal a rating decision issued on or after February 19, 2019. 38 C.F.R. § 3.2601. As such, the HLR claim was untimely and could not be a valid appeal of the March 2009 rating decision. 

Finally, in January 2020, the Veteran also submitted an HLR claim for service connection for the bilateral feet. As discussed above, an HLR claim must be submitted within a year of an appealed rating decision issued on or after February 19, 2019. Therefore, it cannot be accepted as a valid appeal of the March 2009 rating decision. 

Based on the foregoing, none of these other attempts to appeal the service connection claim for a bilateral foot condition constitute valid appeals of the original March 2009 denial. If the Veteran wishes to pursue his claim, he is encouraged to submit a Supplemental Claim in the modernized review system, along with new and relevant evidence sufficient to warrant readjudication of the claim for service connection for a bilateral foot condition.

 

 

SHEREEN M. MARCUS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Rachel E. Jensen, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.